UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>  Plaintiff,<br><br>  vs.<br><br>YAHOO! INC., et al.,<br><br>  Defendants. | Case No: C 13-5951 SBA<br><br>**ORDER**<br><br>Docket 2, 11, 12, 13, 14, 15 |

Ronald Satish Emrit ("Plaintiff"), proceeding pro se,[1] brings the instant action against Yahoo! Inc. and Verizon Communications, Inc. alleging state law claims arising out of the sale of his personal account information to the National Security Agency and the Federal Bureau of Investigation. Compl., Dkt. 1. Plaintiff has also filed an application to proceed in forma pauperis ("IFP") and five motions. See Dkt. 2, 11, 12, 13, 14, 15. For the reasons stated below, the Court ORDERS Plaintiff to show cause why this action should not be dismissed for the filing of a false IFP application, and DENIES Plaintiff's motions. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **DISCUSSION**

  A.  **Plaintiff's IFP Application**

A district court may allow an indigent plaintiff to file a lawsuit without prepaying the required fees if the plaintiff submits an affidavit with a statement of his assets and attests that he is too poor to pay. See 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. §

---

[1] The Court notes that Plaintiff is not the typical pro se advocate in that he claims to be a law school graduate.

1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim on which relief may be granted; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion.  California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194 (1993).  Where the applicant has knowingly provided inaccurate information on his or her IFP application regarding the allegation of poverty, a court must dismiss the action.  See 28 U.S.C. § 1915(e)(2)(A) ("court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue"); see also Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002) (stating that because "the allegation of poverty was false, the suit had to be dismissed; the judge had no choice").

A district court has the discretion to dismiss an action with prejudice where the allegation of poverty in an IFP application is untrue.  See Thomas, 288 F.3d at 306-308.  A district court also has the discretion to dismiss an action with prejudice where a plaintiff fraudulently misrepresents his previous litigation history to the court.  Hoskins v. Dart, 633 F.3d 541, 543-544 (7th Cir. 2011) (finding that district court had the discretion to dismiss the action with prejudice where Plaintiff fraudulently misrepresented his litigation history to the cour); see Greer v. Schriro, 255 Fed.Appx. 285 (9th Cir. 2007) ("The district court did not abuse its discretion in dismissing Greer's action, because she failed to adequately explain misrepresentations, made under penalty of perjury, about her previous litigation history.").

Here, Plaintiff has submitted an IFP application attesting, under penalty of perjury,[2] that he is disabled and currently unemployed,[3] does not own a home, has a balance of $1.65 in his bank account, receives $650 per month in disability, and earns a "nominal income from royalties of copyrighted songs." Dkt. 2. Plaintiff further attests that, except for a 1997 Mercedes C-230 automobile, he has no other assets. Id. Notably, Plaintiff also attests that he has not filed any prior lawsuits.[4] Id.

An internet search reveals that Plaintiff has made material misrepresentations in his IFP application. Specifically, Plaintiff's IFP application omits his litigation history. Plaintiff has filed numerous lawsuits within the last several years, including at least one other lawsuit in this district. See e.g., Emrit v. Central Payment Corporation, Case No.: 14-00042 YGR; Emrit v. Mohela Corporation, et al., Case No.: 13-2592 CAS (E.D. Mo. Feb. 5, 2014) (noting that a review of plaintiffs litigation history on PACER reveals that he has "pursued . . . approximately twenty-seven (27) civil cases during the past two years").

In addition, Plaintiff misrepresented his finances in his IFP application. On April 17, 2014, the Fourth Circuit affirmed the district court's denial of Plaintiff's IFP application and the dismissal of his complaint. Emrit v. Bank of America, Inc., --- Fed.Appx. ----, 2014 WL 1492721, at *1 (4th Cir. 2014). In finding that the district court did not abuse its discretion in denying Plaintiff IFP status, the Fourth Circuit stated as follows:

> The [district] court conducted a detailed review of Emrit's finances and filing history, observing that Emrit had enjoyed a substantially higher income for the previous twelve months; that he had asserted in another case, just two months prior, that he had $10,000 in a checking account; that another district court had recently found Emrit able to pay the filing fee; and that Emrit's living expenses were exorbitant. Based on these findings, the court was amply justified in concluding that Emrit's allegation of poverty was untrue. That conclusion, in turn, required dismissal of Emrit's action.

---

[2] In signing the IFP application, Plaintiff "declare[d] under the penalty of perjury" that the information he provided was "true and correct," and that he "understood that a false statement [in the application] may result in the dismissal of [his] claims." Dkt. 2.

[3] Plaintiff attests that his last job was with Office Depot in August 2011. Dkt. 2.

[4] Plaintiff, however, notes that he is the president and CEO of Alex Garcia Enterprises, Inc., which is currently involved in a lawsuit with Wells Fargo.

Id.  On February 5, 2014, a district judge in the Eastern District of Missouri denied Plaintiff's motion to proceed IFP.  See Emrit v. Mohela Corporation, et al., Case No.: 13-2592 CAS (E.D. Mo. Feb. 5, 2014), Dkt. 11.  In that case, the district judge found that Plaintiff did not qualify for IFP status because his "financial affidavit shows that he receives royalties from TuneCore (a company that allows artists to sell their music online), [he] has received a very large inheritance within the past year and also has some funds at his immediate disposal."  Id.

In light of the foregoing, the Court finds that Plaintiff has made material and fraudulent misrepresentations to the Court regarding his litigation history and his finances.  Therefore, the Court orders Plaintiff to show cause why this action should not be dismissed with prejudice under § 1915(e)(2) and/or Rule 11 of the Federal Rules of Civil Procedure for the filing of a false IFP application.[5]

### B.     Plaintiff's Motions

In addition to filing an application to proceed IFP, Plaintiff has also filed the following motions:  (1) motion to subpoena witnesses; (2) motion to compel discovery; (3) motion to appoint counsel; (4) motion to set trial date and expedited preliminary hearing; and (5) motion to waive the fees associated with using Pacer and CM/ECF.  Given the status of the litigation, the Court finds that Plaintiff's motions are premature.  Plaintiff has not paid the required filing fee or been granted permission to proceed IFP.  Moreover, as discussed above, the instant action is subject to dismissal.  Accordingly, Plaintiff's motions are DENIED without prejudice.  In the event the instant action is not dismissed and

---

[5] Rule 11(b) requires an unrepresented party to certify that any paper presented to the Court is not being presented for an improper purpose and contains, among other things, factual contentions that have evidentiary support.  Fed.R.Civ.P. 11(b).  The Court is permitted under Rule 11 to impose sanctions *sua sponte* "after notice and a reasonable opportunity to respond."  Fed.R.Civ.P. 11(c)(1); see also Fed.R.Civ.P. 11(c)(3) ("On its own, the court may order a[ ] ... party to show cause why conduct specifically described in the order has not violated Rule 11(b).").  However, before sanctions are imposed on a party *sua sponte*, "the general rule is that [the court] must first issue an order to show cause why sanctions should not be imposed to give . . . the party an opportunity to explain his . . . conduct."  Navellier v. Sletten, 262 F.3d 923, 943 (9th Cir. 2001).

Plaintiff is granted permission to proceed IFP or pays the required filing fee, Plaintiff may file renewed motions.

## II.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff is ordered to show cause why this action should not be dismissed with prejudice for the filing of a false IFP application. Plaintiff shall file a memorandum showing cause, not to exceed five (5) pages, by no later than seven (7) days from the date this Order is filed. Plaintiff is warned that the failure to comply with this Order will result in the dismissal of this action with prejudice.

2. Plaintiff's motion to subpoena witnesses, motion to compel discovery, motion to appoint counsel, motion to set trial date and expedited preliminary hearing, and motion to waive the fees associated with using Pacer and CM/ECF are DENIED without prejudice.

3. This Order terminates Docket Nos. 11, 12, 13, 14 and 15.

IT IS SO ORDERED.

Dated: 6/25/2014

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　SAUNDRA BROWN ARMSTRONG
　　　　　　　　　　　　　　　　　United States District Judge