UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>    Plaintiff,<br><br>  vs.<br><br>YAHOO! INC., et al.,<br><br>    Defendants. | Case No: C 13-5951 SBA<br><br>**ORDER**<br><br>Docket 26-29, 31-32 |

Ronald Satish Emrit ("Plaintiff"), proceeding pro se,[1] brings the instant action against Yahoo! Inc. and Verizon Communications, Inc. alleging state law claims arising out of the sale of his personal account information to the National Security Agency and the Federal Bureau of Investigation. Compl., Dkt. 1. Presently before the Court are six motions filed by Plaintiff, including a motion for recusal, a motion to vacate and/or set aside the order/judgment of dismissal with prejudice, and a motion to reopen the case. See Dkt. 26-29, 31-32. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's motions, for the reasons stated below.[2] In addition, the Court CERTIFIES that any in forma pauperis ("IFP") appeal taken from this Court's July 11, 2014 dismissal order will not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] The Court notes that Plaintiff is not the typical pro se advocate in that he claims to be a law school graduate.

[2] The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

On July 3, 2014, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause why this action should not be dismissed with prejudice for the filing of a false IFP application. Dkt. 20. The Court directed Plaintiff to file a memorandum showing cause by no later than July 10, 2014. Id. Plaintiff was expressly warned that the failure to comply with the Court's order would result in the dismissal of this action with prejudice. Id. Because Plaintiff failed to file a timely response to the OSC, the instant action was dismissed with prejudice on July 11, 2014. Dkt. 21.

On July 21, 2014, Plaintiff filed a Notice of Appeal. Dkt. 24. On that same day, Plaintiff filed six motions, including a motion for recusal, a motion to vacate and/or set aside the order/judgment of dismissal with prejudice, and a motion to reopen the case. See Dkt. 26-29, 31-32. On July 24, 2014, the Ninth Circuit issued an order holding Plaintiff's appeal in abeyance until the Court resolves the motions filed by Plaintiff on July 21, 2014. Dkt. 35.

### A. Motion for Recusal

Plaintiff moves to recuse the undersigned from presiding over the instant action pursuant to 28 U.S.C. § 455 on the ground that the Court has made "baseless and unfounded accusations of fraud and/or perjury with regard to the submission of . . . [his] IFP application."

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is also authorized under 28 U.S.C. § 144, which provides that if "the judge before whom the matter is pending has a personal bias or prejudice either against [the moving party] or in favor of any adverse party, such judge shall proceed no further . . . ." Under both statutes, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Pesnell v. Arsenault, 543 F.3d 1038,

1043 (9th Cir. 2008).  The decision on a motion to disqualify a judge is a matter of the district court's discretion.  Id.

The Court finds that Plaintiff has failed to demonstrate that recusal is warranted. Plaintiff has not shown that a reasonable person with knowledge of all the facts would conclude that the undersigned's impartiality might reasonably be questioned.  Plaintiff's motion is predicated solely on an order issued by the undersigned finding that Plaintiff made material misrepresentations in his IFP application.  The Court's findings in this order are not a valid basis for recusal.  Adverse judicial rulings are insufficient to show prejudice or bias.  See Liteky v. United States, 510 U.S. 540, 555 (1994) (alleged bias must usually stem from an extrajudicial source, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) ("a judge's prior adverse ruling is not sufficient cause for recusal"); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (allegations of bias or prejudice that stem entirely from a judge's adverse rulings are not an adequate basis for recusal).  Accordingly, because Plaintiff has not alleged any facts that fairly support the conclusion that the undersigned exhibits bias or prejudice directed toward him that stems from an extrajudicial source, Plaintiff's motion for recusal is DENIED.

## B. Motion for Reconsideration

Plaintiff has filed a motion to vacate and/or set aside the order/judgment of dismissal with prejudice and a motion to reopen the case.  The Court construes these motions as a request for reconsideration of the Court's order dismissing this action with prejudice. Where there has been a final judgment, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-899 (9th Cir. 2001).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or

previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  A district court has "considerable discretion" in considering a Rule 59(e) motion.  Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).  Relief based on this rule generally is reserved for "highly unusual circumstances."  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  See Fed.R.Civ.P. 60(b); School Dist. No. 1J, 5 F.3d at 1263.  Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.  Engleson v. Burlington Northern Railroad Co., 972 F.2d 1038, 1044 (9th Cir. 1992).

The Court finds that Plaintiff has failed to demonstrate that relief from judgment is warranted under Rule 59(e).  Plaintiff has not identified any newly discovered evidence or cited any authority demonstrating that there has been an intervening change in controlling law.  Nor has Plaintiff shown that the Court's dismissal order rests upon manifest errors of law or fact or that relief is otherwise appropriate to prevent manifest injustice.

The Court further finds that Plaintiff has not shown that relief from judgment is warranted under Rule 60(b). While Plaintiff asserts that he mistakenly omitted from his IFP application an inheritance of approximately $31,000 that he received in 2013 and in "the early part of 2014," Plaintiff has not demonstrated that such conduct constitutes a "mistake" justifying relief from judgment under Rule 60(b)(1).[3]  According to Plaintiff, any

---

[3] "To qualify for relief under Rule 60(b)(1), the movant must demonstrate 'mistake, inadvertence, surprise, or excusable neglect.' " See Engleson, 972 F.2d at 1043.  The Ninth Circuit has made clear that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Id.

1  "omission of fact" in his IFP application was "purely a mistake" because he has "indicated
2  on every or nearly every IFP application submitted to federal courts that he had received . .
3  . [approximately] $31,000 in 2013 and the early part of 2014."  Plaintiff's conclusory
4  explanation for his omission is unpersuasive, particularly considering the significance of
5  the omitted information, the "penalty of perjury" warnings in the IFP application,[4] and
6  Plaintiff's legal training and experience litigating cases in federal court.  Moreover, even if
7  Plaintiff could be considered to have mistakenly omitted information regarding his
8  financial condition in good faith, relief from judgment is not warranted.  Dismissal is
9  required because Plaintiff's allegation of poverty is untrue.  28 U.S.C. § 1915(e)(2)(A)
10 ("court shall dismiss the case at any time if the court determines that . . . the allegation of
11 poverty is untrue"); Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306 (7th
12 Cir. 2002) (stating that because "the allegation of poverty was false, the suit had to be
13 dismissed; the judge had no choice").

14    The remaining question is whether dismissal with prejudice is warranted.  A district
15 court has the discretion to dismiss an action with prejudice where, as here, a plaintiff files a
16 false IFP application.  See Hoskins v. Dart, 633 F.3d 541, 543-544 (7th Cir. 2011) (finding
17 that district court had the discretion to dismiss the action with prejudice where plaintiff
18 fraudulently misrepresented his litigation history to the court); Thomas, 288 F.3d at 306-
19 308 (affirming dismissal with prejudice where plaintiff filed a false IFP application
20 misrepresenting his financial condition); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir.
21 1983) (affirming dismissal with prejudice where plaintiff had intentionally misrepresented
22 his financial status in the affidavit to support his request for IFP status); see also Attwood v.
23 Singletary, 105 F.3d 610, 613 (11th Cir. 1997); Romesburg v. Trickey, 908 F.2d 258, 260

---

[4] In signing his IFP application, Plaintiff "declare[d] under the penalty of perjury" that the information he provided was "true and correct," and that he "understood that a false statement [in the application] may result in the dismissal of [his] claims." Dkt. 2.

1  (8th Cir. 1990).[5]  Here, in addition to failing to inform the Court about his recent
2  inheritance of approximately $31,000, Plaintiff also failed to inform the Court about his
3  extensive litigation history.  Plaintiff's IFP application does not identify a single case that
4  he is currently litigating or that he has previously litigated.[6]  Significantly, Plaintiff failed to
5  draw the Court's attention to recent cases where it was determined that he is capable of
6  paying the filing fee.[7]  In response to the Court's dismissal order, Plaintiff concedes that he
7  is currently litigating over eighty cases.  According to Plaintiff, he failed to provide the
8  Court with this information because he believes it is unreasonable to require him to list all
9  the cases he is involved in, and because he ran out of space on his IFP application.
10       The Court finds that Plaintiff has committed a fraud on the Court by omitting
11 material information from his IFP application.  See Fed.R.Civ.P. 11(b).[8]  The Court further
12 finds that Plaintiff's explanation for his omissions is unpersuasive and unworthy of credit.
13 The Court does not accept Plaintiff's conclusory assertion that he simply made a mistake in
14 failing to report the inheritance he recently received.  Nor does the Court accept Plaintiff's
15 assertion that it was unreasonable to require him to provide his litigation history or his
16 assertion that he could not provide such information because he ran out of room on his IFP

---

[5] The Ninth Circuit has affirmed a district court's dismissal of a pro se plaintiff's case as a sanction for misrepresentations in a complaint and an IFP application.  See Greer v. Schriro, 255 Fed.Appx. 285, at *1 (9th Cir. 2007) ("The district court did not abuse its discretion in dismissing Greer's action, because she failed to adequately explain misrepresentations, made under penalty of perjury, about her previous litigation history.").

[6] Plaintiff's IFP application indicates that his company is currently involved in a lawsuit.  However, Plaintiff does not represent that he is a party to that action.

[7] See Emrit v. Bank of America, Inc., --- Fed.Appx. ---, 2014 WL 1492721, at *1 (4th Cir. 2014); Emrit v. Mohela Corporation, et al., Case No.: 13-2592 CAS (E.D. Mo. Feb. 5, 2014).  In response to the Court's dismissal order, Plaintiff failed to explain why his IFP application should be granted in this case when other courts have recently found him capable of pay the filing fee.

[8] Rule 11(b) requires an unrepresented party to certify that any paper presented to the Court is not being presented for an improper purpose and contains, among other things, factual contentions that have evidentiary support. Fed.R.Civ.P. 11(b).  The Court is permitted under Rule 11 to impose sanctions sua sponte "after notice and a reasonable opportunity to respond." Fed.R.Civ.P. 11(c)(1); see also Fed.R.Civ.P. 11(c)(3) ("On its own, the court may order a[ ] ... party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

1  application. Plaintiff made no effort whatsoever to inform the Court about his extensive
2  litigation history prior to the Court's dismissal order.
3       Given Plaintiff's legal training and litigation experience in federal court (including
4  his familiarity with the IFP process), the materiality of the omissions in his IFP application,
5  and his lack of a credible innocent explanation for his omissions, the Court finds that
6  Plaintiff intentionally misrepresented his financial condition and litigation history in bad
7  faith. Accordingly, because Plaintiff knowingly filed a false IFP application concealing
8  material information, dismissal with prejudice is warranted pursuant to § 1915(e)(2) and
9  Rule 11. The Court finds that dismissal with prejudice is the only appropriate sanction for
10 Plaintiff's intentional and bad faith conduct. See Thomas, 288 F.3d 306-307 (noting that
11 dismissal without prejudice is no sanction at all, unless the statute of limitations has
12 expired); Attwood, 105 F.3d at 613 (affirming district court's dismissal with prejudice
13 pursuant to § 1915 and Rule 11 where plaintiff made false claims of indigency and had
14 history of abusing judicial process); Mathis v. New York Life Ins. Co., 133 F.3d 546, 547-
15 548 (7th Cir. 1998) (per curiam) (affirming district court's dismissal with prejudice where
16 plaintiff, an experienced IFP litigant, failed to disclose ownership of a home with $14,000
17 of equity); Dawson v. Lennon, 797 F.2d 934, 935-936 (11th Cir. 1986) (concluding that
18 Plaintiff's "behavior in attempting to claim indigent status while failing to draw the court's
19 attention to previous authoritative determinations of his lack of indigency is sufficient
20 evidence of bad faith to support the district court's exercise of discretion [to dismiss the
21 case with prejudice]"); Oquendo v. Geren, 594 F.Supp.2d 9, 11-12 (D. D.C. 2009)
22 (dismissing case with prejudice pursuant to § 1915(e)(2)(A) and Rule 11 where plaintiff
23 knowingly made false statements to the court regarding her financial condition).

####        C.    Remaining Motions

25    In addition to the motions discussed above, Plaintiff has also filed a motion for
26 clarification, a motion to apply the relation back doctrine, a motion in limine, and an
27 untimely response to the OSC. The Court has reviewed these filings and finds that they do
28 not alter the Court's conclusion that dismissal of this action with prejudice is warranted.

Accordingly, Plaintiff's motion for clarification, motion to apply the relation back doctrine and motion in limine are DENIED.

### D. Leave to Proceed IFP on Appeal

On July 21, 2014, Plaintiff filed a Notice of Appeal of the Court's July 11, 2014 dismissal order. 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). Having reviewed the record in this action and for the same reasons it has denied Plaintiff's motion for reconsideration, the Court finds that any IFP appeal taken from its July 11, 2014 dismissal order will not be taken in "good faith" under § 1915(a)(3).

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for recusal, motion for reconsideration, motion to reopen the case, motion for clarification, motion to apply the relation back doctrine, and motion in limine are DENIED.

2. The Court CERTIFIES that any IFP appeal taken from this Court's July 11, 2014 dismissal order will not be taken "in good faith" pursuant to § 1915(a)(3).

3. The Clerk shall terminate all pending matters.

IT IS SO ORDERED.

Dated: 8/4/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge